United States District Court
Southern District of Texas
**ENTERED**
March 15, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| v. | § | Criminal Action No. 2:20-CR-01313 |
| | § | Civil Action No. 2:22-cv-249 |
| CONRAD RUIZ, | § | |
| Defendant/Movant. | § | |

## MEMORANDUM OPINION & ORDER

Defendant/Movant Conrad Ruiz has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Dkt. No. 38).[1] Now pending before the Court is the United States of America's (the "Government") Motion to Dismiss (Dkt. No. 46), to which Movant has responded (Dkt. No. 47). For the reasons stated below, the Government's Motion to Dismiss is **GRANTED**, and Movant's Section 2255 motion is **DENIED**.

**I.    BACKGROUND**

Movant was charged with two substantive counts of possession with intent to distribute more than 5 grams of methamphetamine. He pled guilty to Count 1 pursuant to a written plea agreement, wherein, in exchange for his guilty plea to Count 1 and waiver of his rights to appeal or collaterally attack his conviction or sentence, the Government agreed to dismiss Count 2 and recommend full credit for acceptance of responsibility and a sentence within the Guideline range. (Dkt. No. 23).

---

[1] Docket entry references are to the criminal case.

The Presentence Report (Dkt. No. 29), explained that all acts that were part of the same course of conduct or common scheme or plan were to be considered in determining Movant's base offense level. Count 1 involved 26.2 grams of methamphetamine, and Count 2 involved 33.197 grams of methamphetamine; thus, Movant was held accountable for a total of 59.397 grams of methamphetamine, resulting in an offense level of 27 after credit for acceptance of responsibility. With a criminal history category of V, his advisory Guidelines sentencing range was 120–150 months. He was sentenced to 120 months' imprisonment, to be followed by 5 years' supervised release.

Judgment was entered on July 12, 2021. Movant did not appeal. He filed the current motion under 28 U.S.C. § 2255 on October 8, 2022.

## II.   MOVANT'S ALLEGATIONS

Movant raises the following claims: (1) trial counsel was constitutionally ineffective because he failed to object to the Court's inclusion of the 33.197 grams of methamphetamine in Count 2 as relevant conduct in calculating Movant's base offense level; (2) the Court's reliance on relevant conduct to enhance Movant's sentence violated his Fifth Amendment due process rights; and (3) the Court's reliance on relevant conduct to enhance Movant's sentence rendered his guilty plea constitutionally invalid.

## III.   ANALYSIS

### A.   28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a

sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992) (per curiam). In addition, "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165 (1982).

### B.     STATUTE OF LIMITATIONS

A motion made under Section 2255 is subject to a one-year statute of limitations, which, in most cases, begins to run when the judgment becomes final. 28 U.S.C. § 2255(f).[2] The Fifth Circuit and the Supreme Court have held that a judgment becomes final when the applicable period for seeking review of a final conviction has expired. *Clay v. United States*, 537 U.S. 522, 531–32 (2003); *United States v. Gamble*, 208 F.3d 536, 536–37 (5th Cir. 2000) (per curiam).

---

2     The statute provides that the limitations period shall run from the latest of:
   (1) the date on which the judgment of conviction becomes final;
   (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action;
   (3) the date on which the right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
   (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

Movant's conviction became final on the last day to file a timely notice of appeal, that is, 14 days after the judgment was entered on the docket. Fed. R. App. P. 4(b). Judgment was entered on July 12, 2021. His conviction therefore became final on July 26, 2021. Movant did not file his Section 2255 motion until October 8, 2022, more than two months after the statute of limitations expired on July 26, 2022.

Equitable tolling may allow for a late-filed motion, but such exceptions to the statute of limitations are rare. *Holland v. Florida*, 560 U.S. 631, 649 (2010); *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). The party seeking equitable tolling bears the burden of demonstrating that tolling is appropriate. *United States v. Petty*, 530 F.3d 361, 365 (5th Cir. 2008). To satisfy his burden, Movant must show that (1) he has diligently pursued his rights, and (2) some extraordinary circumstance stood in his way. *See Holland*, 560 U.S. 649; *Petty*, 530 F.3d at 365.

Movant claims that he "pursued his right to file his 2255 petition diligently because on each occasion that he was given access to the institution's law library he took advantage of that access by appearing at the law library and worked toward the completion of his petition." (Dkt. No. 47, p. 18). However, he was unable to complete his motion in a timely manner because FCI Pollock was subjected to several COVID-19 quarantine periods and lockdowns during the limitations period, which restricted his access to the prison law library. Specifically, between July and December of 2021, Movant only had access to the prison law library one day per week; the library was completely closed due to COVID-19 outbreaks from December 1, 2021–January 3, 2022, January 10-25, 2022, and January 28–February 14, 2022; he only had access to the library for 1.5 hours

4

per weekday and no weekend access from February 14–June 5, 2022; and the library was again closed from June 6–July 25, 2022, due to employee appreciation week, COVID-19 outbreaks, and an institutional lockdown following a prisoner riot. Movant calculates that he was deprived of library access for the equivalent of 311 days, and the statute of limitations should be tolled accordingly.³

    The Fifth Circuit has held that lack of access to an adequate prison law library may toll the one-year limitations period to file a federal habeas petition in some circumstances. *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003). However, to toll the limitations period, the lack of library access must have "actually *prevented* [the petitioner] from timely filing his habeas petition." *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (emphasis in original). "[I]gnorance of the law, lack of knowledge of filing deadlines, a claim of actual innocence, temporary denial of access to research materials or the law library, and inadequacies in the prison law library, are not sufficient to warrant equitable tolling." *Tate v. Parker*, 439 F. App'x 375, 376 (5th Cir. 2011). "[S]ome courts have held that the [COVID-19] pandemic, while making it more difficult to complete and file a petition, did not *prevent* its filing, and was, therefore, not an impediment within the meaning of the statute." *Evans v. Fitch*, 2021 WL 151758, at *3 (S.D. Miss. Jan. 17, 2021) (emphasis in original) (citing *United States v. Pizarro*, 2021 WL 76405, at *2 (E.D. La. Jan. 8, 2021); *United*

---

³    BOP Program Statement 1542.06 provides, "The library shall be open for a minimum of three hours daily and eight hours over weekends." FED. BUREAU OF PRISONS PROGRAM STATEMENT 1542.06 (Feb. 18, 1997), *available at* https://www.bop.gov/policy/progstat/1542_006.pdf. Movant claims that he is entitled to 23 hours of library access per week under this policy, and the statute of limitations should be tolled one day for every 3 hours of library time he was denied between July 12, 2021, and July 26, 2022.

5

*States v. Barnes*, 2020 WL 4550389, at *2 (N.D. Okla. Aug. 6, 2020); *Cook v. Nelsen*, 2020 WL 6136619 (D. S.C. Sept. 30, 2020)). As one court in this district previously recognized, "Even if prison law libraries are closed due to the current COVID-19 pandemic, prison mail systems are not. The Bureau of Prisons' COVID-19 Modified Operations Plan has not prevented inmates from filing motions and responses in other cases . . . ." *United States v. Caldwell*, 2020 WL 2849997, at *2 (S.D. Tex. June 1, 2020).

Movant does not explain how "temporary denial of access to research materials or the law library" "actually prevented" him from filing his Section 2255 motion. *See Krause*, 637 F.3d at 561; *Tate*, 439 F. App'x at 376. He also has offered no evidence that the prison mail system was closed or that he was not permitted to mail his motion in a timely manner. The Court finds that Movant has presented no facts, besides his own conclusory allegations, suggesting that he has diligently pursued his rights or that some extraordinary circumstance prevented him from timely filing his Section 2255 motion. Accordingly, his motion is barred by limitations, and the Court need not consider the merits of his claims.

## IV.  CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Movant has not yet filed a notice of appeal, the Section 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A Certificate of Appealability (COA) "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the movant must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

The Court concludes that Movant cannot establish at least one of the *Slack* criteria. Specifically, jurists of reason would not find this Court's procedural rulings debatable. Accordingly, Movant is not entitled to a COA as to his claims.

## V.   CONCLUSION

For the foregoing reasons, the Government's Motion to Dismiss (Dkt. No. 46) is **GRANTED**, and Movant's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Dkt. No. 38) is **DENIED.** Movant is further **DENIED** a Certificate of Appealability.

It is SO ORDERED.

Signed on March 13, 2023.

_____
**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**